## COOK v. COMBS.

In assumpsit, brought to recover back part of the price paid for land conveyed by a deed which contained no warranty of the quantity of the land, parol evidence that the vendor, during the negotiation, and before the delivery of the deed, verbally warranted the quantity of the land, is inadmissible as tending to vary the terms of the deed.

ASSUMPSIT. The counts relied upon were the second, fourth and fifth. The second alleged that the defendant, at, &c., on the eleventh day of March, 1857, in consideration that the plaintiff had bought of the defendant one equal undivided half of 77 acres of land, lying in Chesterfield, and at the request of the defendant had paid him therefor at the rate of $7.50 an acre for one half of 77

acres, then and there, in consideration thereof, promised the plaintiff to sell, deed and convey to him one undivided half of 77 acres, and the plaintiff, relying upon the several promises aforesaid of the defendant, did buy and pay him $7.50 an acre for 77 acres of land; yet, though requested, the defendant has not sold, deeded and conveyed to him 77 acres, according to his said promises, but only 45 acres, and so he has not kept his promises aforesaid. The fourth count was like the second, except that it described the land by bounds, and alleged that the defendant promised that there were 77 acres within those bounds, but that there were not 77, but only 45 acres. The fifth count was for money had and received.

Upon the general issue, the plaintiff offered evidence tending to show that, prior to the conveyance of March 11, 1857, a contract had been made between the plaintiff and the defendant, by which the defendant agreed to sell to the plaintiff one undivided half of the piece of land described in the fourth count, for $7.50 per acre, and the plaintiff agreed to take the land and pay that price per acre, and the defendant then stated that there was, and agreed and contracted that there should be, 77 acres in said piece of land by measure; that thereupon, and in pursuance of said contract, the plaintiff paid the defendant said price of $7.50 per acre for one half of 77 acres of land, and the defendant gave the plaintiff a deed, describing the land as 77 acres, not warranting that there was that amount, but only conveying the undivided half of said lot, describing it by metes and bounds; that said piece of land in fact contained but 45 acres; that the deed was not such a conveyance as by the contract the plaintiff was entitled to receive, and that the plaintiff had thus paid by the acre for 16 acres of land ($\frac{1}{2}$ of 32 acres), which he bought of the defendant in the original contract, but which he had not received in the said conveyance. This evidence was admitted, subject to the defendant's excep-

tion. There was evidence tending to show that the plaintiff, before suit, had demanded of the defendant a conveyance of the land, according to the terms of the contract; and upon the defendant declining to give such conveyance, the plaintiff had demanded of the defendant the money which he had paid him by the acre for the 16 acres not included in the conveyance.

The jury returned a verdict for the plaintiff, which the defendant moved to set aside.

*Wheeler & Faulkner*, for the defendant.

All the counts in the declaration, except that for money had and received, are, upon their face, counts upon a contract for the sale of land, of which no other evidence in writing than the deed was attempted to be produced. The deed, so far from sustaining, contradicts and refutes the allegations contained in these counts.

The evidence offered to sustain the count for money had and received should have been rejected: Because (1.) it was parol evidence of a conversation or contract not in writing, made prior to the delivery of the deed, and so merging in the deed, and its only effect was to contradict or vary the terms of the deed. 1 Gr. Ev., secs. 275, 281, 282; *Pickering* v. *Dawson*, 4 Taunt. 779; *Powell* v. *Edmunds*, 12 East 6; *Dix* v. *Otis*, 5 Pick. 38; *White* v. *Wilson*, 2 B. & P. 116; *Stackpole* v. *Arnold*, 11 Mass. 27; *Cross* v. *Rowe*, 22 N. H. 77; *Thompson* v. *Phelan*, 22 N. H. 339; *George* v. *Bartlett*, 22 N. H. 496; *Conner* v. *Coffin*, 22 N. H. 538; *Hoyt* v. *French*, 24 N. H. 198; *Lang* v. *Johnson*, 24 N. H. 302; *Scott* v. *Whittemore*, 27 N. H. 309: Because (2.) it was evidence of a parol contract for the sale of lands, and so within the statute of frauds. The only ground upon which this count could be sustained would be that the defendant has broken his contract, and, by such breach, the plaintiff has been damaged. But this contract was for the sale of lands, and not in writing, and has never been

rescinded by the plaintiff. If this action were for deceit, *Pickering* v. *Dawson*, 4 Taunt. 779, would be a decisive authority against recovery; but there is no pretence of any deceit on the part of the defendant. The plaintiff owned one undivided half of the land before the conveyance to him of March 11. If the plaintiff could recover in any event, or in any form of action, he cannot under the present form of action, nor under the present circumstances. It is not enough that he has demanded another conveyance, or a return of his money; he has never offered to rescind the contract or re-convey the property. *Stevens* v. *Cushing*, 1 N. H. 17; *Case* v. *Morey*, 1 N. H. 347; *Holden* v. *Curtis*, 2 N. H. 61; *Eaton* v. *George*, 2 N. H. 300; *Lane* v. *Shackford*, 5 N. H. 130; *Ayer* v. *Hawkes*, 11 N. H. 148; *Allen* v. *Webb*, 24 N. H. 278; *Gates* v. *Winslow*, 1 Mass. 65; *Stevens* v. *Lyford*, 7 N. H. 360; *Luey* v. *Bundy*, 9 N. H. 298; *Cook* v. *Gilman*, 34 N. H. 556; *Fogg* v. *Sawyer*, 9 N. H. 365; 2 Gr. Ev., sec. 124. If neither the statute of frauds, nor the rule prohibiting the contradiction of the terms of a written instrument by parol evidence, will exclude evidence of a parol contract to convey a larger number of acres than is included within the boundaries specified in the deed, in this case, how could evidence of a verbal contract for a smaller tract of land than that described in a deed, be excluded? Why might not one, by the same rule, be permitted to show that he had contracted for another piece of land than that described in his deed? If this action can be sustained without rescinding the contract on the part of the plaintiff, without a re-conveyance of the land conveyed to him, the defendant will suffer great injustice. He received from the plaintiff the same price which he paid for the land, and it cannot fairly be inferred that he would have sold the whole piece at the rate of $7.50 per acre, had he known that it contained but forty-five acres—losing in the sale one hundred and twenty dollars.

*Lane,* for the plaintiff.

Neither of the objections made by the defendant are applicable to the facts in the case.

1. Because the contract on which the plaintiff declares, and which is proved in the case, was not merged in the deed. It was a contract entirely outside of the deed, and fully performed by the plaintiff on his part, by his paying the stipulated price for the land. The defendant has broken the contract on his part, by neglecting to convey the number of acres he agreed to. *Hersom* v. *Henderson,* 21 N. H. 226.

2. Because the contract set forth in the fourth count is not for a sale of land, even if that objection were applicable to the second count. The allegation is that in consideration of $7.50 per acre for one half of 77 acres, paid by the plaintiff to the defendant, he promised that there were 77 acres included in a piece of land, described by bounds, which he agreed to convey, and did convey to the plaintiff. But the complaint is, not that he did not convey the piece of land to the plaintiff as agreed, but that there were only 45 acres.

3. The fifth count is for money had and received, and is clearly maintainable on the facts in this case. The sale was of a certain number of acres of land at $7.50 per acre. The defendant has received pay for the number of acres agreed upon, but has conveyed only a part of that number, and declines to convey the balance, or to refund the money he has received for it. He has, therefore, got a large sum of money from the plaintiff without consideration. He may, also, be regarded as having rescinded the contract to the extent of his failure to perform it. In either of these cases the plaintiff is entitled to recover the surplus the defendant has received, beyond the value of the land he conveyed to the plaintiff. 2 Gr. Ev., sec. 124; *Lane* v. *Shackford,* 5 N. H. 133; *Ayer* v. *Hawkes,* 11 N. H. 151.

Cook *v.* Combs.

Doe, J.   The plaintiff intended to pay the defendant the amount which he did pay, and no part of it can be recovered as paid by mistake.   There is no failure of consideration, for the plaintiff has received all that the deed purported to convey.   He has not re-conveyed the land to the defendant, or tendered or offered to tender him a deed of it, and he cannot recover on the ground of rescission of contract.   The evidence objected to tended to prove a parol warranty of the quantity of land made before the delivery of the deed, and not incorporated in it.   This evidence was inadmissible.   It would vary the deed as much as parol evidence of a warranty of title would vary a deed containing no warranty.   It must be taken that the plaintiff received the deed as the evidence of the entire contract reduced to writing.   It does not appear that the warranty of quantity was omitted in the deed by the fraud of the defendant, or the mistake of the writer, or that the plaintiff was unaware of the omission, or that he made any objection to the deed.   If it had been understood that a warranty of quantity was included in the contract of sale, it cannot be supposed that the plaintiff would have consented to the omission of so important a part of the contract when it was put in writing, relying upon parol evidence to protect himself and his heirs against the only breach of the contract which he would probably have had any reason to fear.   *Powell* v. *Edmunds*, 12 East 6, is a case quite similar to this.

                                    *Verdict set aside.*